IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE ROOFERS AND WATERPROOFERS LOCAL NO. 44 PENSION PLAN, et al., | CASE NO. 1:18 CV 764 |
| | JUDGE DONALD C. NUGENT |
| Plaintiffs, | |
| v. | |
| SOUTHWEST REFINISHERS, INC., | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

This matter is before the Court on the Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses. (ECF #55)

I.    **Factual and Procedural Background.**

On April 4, 2018, Plaintiffs, the Trustees of multiemployer pension and welfare benefit plans, as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") §§ 3(1) and (2), 29 U.S.C. §§ 1002(1) and 1002(2)("the Funds"), filed this action against Defendant, Southwest Refinishers, Inc. d/b/a Southwest Companies, Inc. ("Southwest"), on behalf of the Funds and their Beneficiaries, the members of the Roofers & Waterproofers Local 44 Union ("Local 44"). This action began as a "Complaint to Compel Audit" and later, following the Audit, Plaintiffs amended their complaint on January 16, 2020, to assert a single claim for delinquent contributions under ERISA §§ 502, 515 and the Labor Management Relations Act of 1947, 29 U.S.C. § 185, based on the findings of the Audit. (Docket #30.)

Southwest Refinishers, Inc. ("Southwest") is a general contractor, performing a variety of construction-related services for its clients and customers. Southwest is an employer as defined by ERISA § 3(5), 29 U.S.C. § 1002(5); assented to be bound by the terms and provisions of the Local 44 Collective Bargaining Agreement ("CBA"); and, is subject to the provisions of the Funds' Trust Agreements and Declarations. The CBA and Trust Documents require employers to contribute to the Funds based on the number of hours of work their employees perform within the jurisdiction of the CBA.

Plaintiffs moved for Summary Judgment on March 23, 2020, seeking the contributions due under the Audit, as well as deliquency assessments, interests, attorneys' fees, expenses and costs. (ECF #36) On January 29, 2021, the Court granted Plaintiffs' Motion for Summary Judgment and entered Judgment finding that the Funds are entitled to an award of unpaid fringe benefit contributions found due and owing for the period of January 1, 2016 through June 30, 2019 in the amount of $4,688,456.59. (ECF #53 at 11) Further, the Court determined that pursuant to Article XX, Sections 5 and 6, of the CBA, and ERISA, 29 U.S.C. § 1132(g), the Funds are also entitled to liquidated damages, interest and attorneys fees, including a delinquency assessment of 10% of the amount due ($468,845.66) plus 2% interest per month thereafter; all court costs, attorneys' fees and other expenses incurred by the Trustees in the collection of the delinquent contributions; and, the costs of the audit and examination given the substantial deficiency in payments ($1,833.00). (*Id.*) The Court directed the Funds to submit a detailed Motion for Attorneys' Fees, Costs and Expenses within 14 days of the Judgment.

Plaintiffs filed the instant Motion within 14 days of the Judgment, seeking attorneys' fees in the amount of $68,385.00 and an award of expenses in the amount of $350. (ECF #55) After

two extensions of time, Southwest filed its Opposition to the Motion for Attorneys' Fees. The Motion is now ready for decision.

**II. Discussion**

    **A.    Attorney Fees and Costs Under ERISA.**

Under ERISA, 29 U.S.C. § 1132(g)(2)(D), an award of attorneys' fees and costs is mandatory in any action brought by a fiduciary for or on behalf of a plan to enforce Section 1145 in which a judgment in favor of the plan is awarded. *See also, Trustees for Michigan Laborers Health Care Fund V. Eastern Concrete Paving Co.*, 948 F.2d 1290, 1991 WL 224076, *2 (6th Cir. 1991)("Under the explicit language of § 1132(g)(2), the award of reasonable attorneys' fees is mandatory, not discretionary. The language requires that the court 'will award' reasonable attorneys' fees when 'a judgment in favor of the plan is awarded.'") Defendant does not dispute that Plaintiffs are entitled to a reasonable attorney's fee award.

    **B. Reasonableness**

"The primary concern in an attorney fee case is that the fee awarded be reasonable." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. Ohio 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "The award should be 'adequately compensatory to attract competent counsel, but also 'avoid[] producing a windfall for lawyers.'" *Lavin v. Husted,* 764 F.3d 646, 649 (6th Cir. Ohio 2014)(quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). As in other types of cases, courts use the lodestar approach to determine a reasonable fee in ERISA cases. *United Steel Paper & Forestry, Rubber, Mfg, Energy, Allied Indus. & Serv. Workers Int'l Union, AFL CIO CLC v. Keslsy Hayes Co.*, 750 F.3d 546, 560

(6th Cir. 2014). Under the lodestar approach, a reasonable attorney fee is determined by multiplying a "court-ascertained reasonable hourly rate" by "the proven number of hours reasonably expended on the litigation." *Id.* Generalized objections are insufficient to overcome the "strong presumption" of reasonableness generated by the lodestar method. *Livingston v. Cavalry Portfolio Servs., LLC*, No. 1:09-CV-384, 2009 WL 4724268, at *2 (N.D. Ohio Dec. 2, 2009) citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

In this case Plaintiffs' attorneys Susan L. Gragel and Andrew A. Crampton seek $68,385.00 in attorneys' fees for work done over the nearly three years this action has been pending. The length and work involved in this action were compounded by Defendant's dilatory conduct involving discovery and in complying with the audit.

Defendant asserts, without discussion, that the amount of fees sought here is excessive and should be reduced. Alternatively, Defendant contends that further evidence supporting the award of attorneys' fees should be required of Plaintiff. Specifically, Defendant contends that the market rate for fees in this area should be determined by expert testimony, not the testimony of the attorney seeking an award of fees. Notably, Defendant does not contend that the rates sought by Plaintiffs' counsel here are too high. Defendant also complains that Plaintiffs' counsel engaged in block billing.

**1. Hourly rate**

In her Declaration attached to the Motion, Attorney Gragel states that she has been practicing law since 1980, with her primary focus being in the fields of labor and employment benefit law, including but not limited to litigation under ERISA and the Labor-Management

Relations Act ("LMRA"). She has represented clients in over 200 ERISA and/or LMRA cases in the Northern District of Ohio. She considers herself to be an expert in handling matters involving ERISA and LMRA. Ms. Gragel lists 288 cases in which she has been counsel in the Northern District of Ohio. (ECF #55, Ex. 1¶2) Mr. Crampton, a founder and principal of Pofok Crampton LLC, has been practicing law for 10 years in the field of labor and employee benefit law and Ms. Gragel opines that he is proficient in handling matters involving ERISA and the LMRA. Mr. Crampton has represented clients in approximately 40 ERISA or LMRA cases in the Northern District of Ohio and lists 46 cases in which he has been counsel in the Northern District of Ohio. (ECF #55, Ex. 1, ¶¶ 5-6) Mr. Crampton performed most of the work in this case with Ms. Gragel providing support, review and consults as needed. (*Id.*, ¶6) Plaintiffs request an hourly rate of $350 for Ms. Gragel and $300 for Mr. Crampton.

To calculate the "reasonable hourly rate," the Sixth Circuit instructs trial courts to "assess the prevailing market rate in the relevant community." *Adcock-Ladd, supra*, 227 F.3d at 350 (*citing Blum v, Stenson*, 465 U.S. 886, 895 (1984)). The "prevailing market rate" is defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *Id.* at 349. "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007). "In determining a reasonable hourly rate, the court may consider a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar requests for fees." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 1:08 CV 605, 2010 WL 1751995, *3 (N.D. Ohio Apr. 30, 2010) *citing Mikolajczyk v. Broadspire*

*Servs., Inc.*, 499 F.Supp.2d 958, 965 (N.D. Ohio 2007). See also, *Bunn Enterprises, Inc. v. Ohio Operating Engineers Fringe Benefit Programs*, No. 2:13-CV-00357, 2016 WL 223717, at *2 (S.D. Ohio Jan. 19, 2016) (The prevailing market rate can be surmised by "affidavits from attorneys or experts; citations to prior precedents showing reasonable rate adjudications for comparable attorneys or cases; references to fee award studies showing reasonable rates charged or awarded in the relevant community; testimony from experts or other attorneys in the relevant community; discovery rates charged by the opposition party; and reliance on the court's own expertise in recognizing applicable prevailing rates.")

In opposition to Plaintiffs' counsels' requested hourly rates, Defendant asserts that Plaintiff must produce an affidavit of another local expert to confirm that the requested hourly rates and the fees requested overall are appropriate. While attorneys fees applications often include the affidavit of a local expert, the Court can find nothing in the law requiring such a submission. Otherwise, Defendant offers no evidence that the rates requested by Attorney Gragel or Attorney Crampton are unreasonable for this kind of work in the Northern District of Ohio. Defendant does not suggest that Ms. Gragel is not an expert in ERISA and/or LMRA litigation or offer any reason why her opinion on reasonable fees for this kind of work should be disregarded. The Court is aware that Ms. Gragel is a well known and respected local attorney, and an expert practicioner in the area of ERISA/LMRA litigation in the Northern District of Ohio. Indeed, Ms. Gragel requested fees at a very reasonable hourly rate to avoid additional briefing and attorney expenses over the reasonableness of Plaintiffs' requested rates. The rates requested here are below the rates received by similarly qualified attorneys in similar cases. *See Gallo v. Moen, Inc*, 1:13 CV 2440, at *5, underlying ERISA award vacated by Sixth Circuit in 813 F.3d 265(6th Cir.

2014)(ERISA case where court approved $300 rate for attorney with 7 years of experience, $525 rate for attorney with 30 years of experience); *Bunn Enterprises, Inc*, *supra* (court approved rates of $535 for attorney with 47 years of practice, $470 for attorney with 27 years of practice and $300 for attorney with 13 years of practice); *Wilson v. Bridge Overlay Systems, Inc.*, No. 2:14 CV 156, 2016 WL 164056, at *2 (S.D. Ohio Jan. 14, 2016)(court approved $215 hourly rate for first year associate and $370 for a partner with 12 years of experience in litigating ERISA cases in federal court.) Accordingly, the Court finds that the rates requested by Plaintiffs here are reasonable.

**2. Hours Expended**

During the period January 2018 through January 2021, Plaintiffs' counsel worked 226.4 hours on this litigation. The contemporaneous time records of counsel were submitted as Exhibit 4 to Ms. Gragel's Declaration. According to Plaintiffs' records, Ms. Gragel billed 9.3 hours and Mr. Crampton billed 217.1 hours. Defendant argues that the billing records provided by Plaintiffs are vague and contain impermissible block billing. Defendant contends that block billing, in which counsel includes multiple activities in one block of time without identifying and segregating the time devoted to each task, makes it difficult for a court to determine if the billed time was reasonably incurred.

Attorneys who seek fees must "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014) (internal citation omitted). While the party seeking fees has the burden of providing a particularized billing record, counsel "is not required to record in great detail how every minute of his [or her] time was expended." *Id.*; *See also, Hensley v.*

*Eckerhart*, 461 U.S. 424, 437 n. 12 (1983) ("at least counsel should identify the general subject matter of [ ] time expenditures,") Regarding block-billing, the Sixth Circuit has held that so long as the description of the work performed is adequate, block-billing can be sufficient. *Smith*, 592 F. App'x at 371.

The Court has reviewed the time records submitted by Plaintiffs' counsel and has found them sufficiently detailed to enable the Court to review the reasonableness of the hours expended. Defendant points to Mr. Crampton's February 13, 2019 entry as an example of "impermissible" block billing. In that entry Mr. Crampton bills 4.2 hours for the following:

> Begin drafting mediation statement; review mediation order and file in support of same; legal research in support of same; exchange emails and telephone calls with opposing counsel regarding need for mediation and demand for audit; discuss same with SLG; draft interim order to cancel mediation and schedule audit; forward same to SLG for review and approval; exchange emails with opposing counsel regarding same; email to opposing counsel regarding notifying mediator of agreement; email to client representative.

While Mr. Crampton is billing for several tasks in this entry, it is unnecessary for the Court to know how much time he spent on each task because each task is appropriate and necessary for the litigation. Moreover, 4.2 hours is not excessive for the tasks accomplished. The two other examples of block billing that Defendant highlights are also sufficient for the Court to confirm the reasonableness of the charges. Thorough review of the time entries at issue here convinces the Court that the hours expended by Plaintiffs' counsel were reasonable.

**3. Costs**

Plaintiffs request $350 in costs representing the filing fee. Defendant does not object to this expense.

**III.    Conclusion.**

For the foregoing reasons, Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (ECF #55) is granted in its entirety in the amount of $68,385.00.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 1, 2021